ADAM R. F. GUSTAFSON
Acting Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

HAYLEY A. CARPENTER (CA Bar No. 312611)
LAWRENCE K. PITTMAN (GA Bar No. 568134)
Trial Attorneys
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0242 (Carpenter)
(202) 305-0420 (Pittman)
hayley.carpenter@usdoj.gov
lawrence.pittman@usdoj.gov

RICHARD R. BARKER
Acting United States Attorney

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES,<br>   *Plaintiff*,<br><br>   v.<br><br>U.S. FOREST SERVICE; JOSHUA WHITE, in his official capacity as Forest Supervisor of the Colville National Forest; and CARIN VADALA, in her official capacity as Newport-Sullivan Lake District Ranger,<br>   *Defendants*. | Case No. 2:24-cv-00157-RLP<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE EXTRA RECORD MATERIALS [ECF No. 33]**<br><br>04/17/2025<br>Without Oral Argument |

## I.    <u>INTRODUCTION</u>

Plaintiff seeks to have the Court circumvent the longstanding, well-established record review rule by putting eight extra-Record maps before the Court. ECF No. 24-1, at A-4, A-6, A-8, A-10, A-11, A-12, A-13, A-14. Plaintiff's claimed use of the maps as illustrative aids, or demonstratives, is meritless because whether illustrative aid or not, the Court cannot consider extra-Record evidence to question the wisdom of the agency's decision, and for this reason, Plaintiff's proffer of the maps as an illustrative aid fails to meet the "good cause" requirement of the Federal Rules of Evidence. Plaintiff's reliance on judicial notice to get its extra-Record maps before the Court also fails because the Court cannot take judicial notice of either the maps' underlying data or the maps themselves. Further, regardless of whether the underlying map data was incorporated by reference into the Administrative Record, the Plaintiff-created maps analyzing that data certainly were not and thus are extra-Record. The Court should strike the eight extra-record maps and all references to them in Plaintiff's summary judgment brief, ECF No. 24.

## II.    <u>ARGUMENT</u>

### A.    **Plaintiff did not respond to Defendants' argument that the extra-record maps are untimely.**

As explained more thoroughly in Defendants' Motion to Strike, Plaintiff never moved to supplement or complete the Administrative Record, and therefore, Plaintiff's attempt to include the eight extra-Record maps for the Court's review is

untimely. Plaintiff provides no excuse or explanation for its tardiness. The untimely submission, coupled with Plaintiff's failure to respond to Defendants' timeliness argument, provides the Court with two independent bases to grant Defendants' motion to strike. *John-Charles v. California*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011) (holding that a party "failed to develop any argument on this front, and thus has waived it"); *Sequoia Forestkeeper v. U.S. Forest Serv.*, No. CV F 09-392 LJO JLT, 2011 WL 902120, at *8 (E.D. Cal. Mar. 15, 2011) (consideration of multiple extra-record documents was untimely).

**B.    Plaintiff provides no good reason for the Court to disregard the record review rule and consider the eight extra-Record maps.**

It is well settled that the Court does not consider extra-Record materials in an Administrative Procedure Act case save for material that falls within four narrow exceptions that Plaintiff does not claim,[1] and Plaintiff provides no compelling reason to depart from this rule. *Lands Council v. Powell*, 395 F.3d 1029-30 (9th Cir. 2005) (holding that "courts reviewing an agency decision are limited to the administrative record" unless the extra-record material in question falls within four narrow exceptions. (citation omitted)). Even if extra-Record

---

[1] Plaintiff does not rely on the exceptions to the record review rule, ("Pl.'s Br.") at 2, ECF No. 40, and has waived any argument that the exceptions apply. *Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016) (holding that arguments not made in an opening brief are waived).

2

material not falling into an exception could be considered in the first instance, Plaintiff's arguments to consider the extra-Record maps are unavailing.

Plaintiff's claim that the Court can consider the eight extra-Record maps as "illustrative aides" is meritless. Pl.'s Br. 1, 4-10 (citing Fed. R. Evid. 107(b)(2)). Plaintiff makes the argument that the Court should consider all eight of the extra-Record maps on this basis. *Id*. The eight extra-Record maps cannot be appropriate illustrative aides in the first instance because to deem them as such would be a circumvention of the record review rule. *See San-Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014) (holding that, even if extra-record material falls within one of the four exceptions to the record review rule, that "does not permit district courts to use extra-record evidence to judge the wisdom of the agency's action." (citation omitted)). Plaintiff attempts to use the eight maps for the prohibited purpose of questioning the wisdom of the agency's decision to authorize the Sxʷutn-Kaniksu Connection Trail Project ("Project") by citing to these maps in Plaintiff's Motion for Summary Judgment challenging the Project. ECF No. 24 at 4, 18, 27-29, 35. This improper purpose for proffering the extra-Record maps also demonstrates Plaintiff's failure to satisfy the "good cause" showing required under the Federal Rules of Evidence to admit illustrative aids as evidence. Fed. R. Evid. 107(b)(2) (stating that an illustrative aid is not evidence and cannot be provided to the trier of fact unless "the court, for good cause, orders otherwise.").

Plaintiff's reliance on judicial notice to get the extra-Record maps before the Court also fails. Plaintiff argues that the Court should consider Figures 5, 7, 8, 9,

10, and 12 on this basis. Pl.'s Br. 5-10. The Federal Rules of Evidence permit courts to take judicial notice of a fact if it is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Plaintiff argues that the Court can take judicial notice of seven of the extra-Record maps because they are allegedly representations of data not subject to reasonable dispute. Pl.'s Br. 2, 5-10. There are three reasons the Court should reject that argument.

First, Plaintiff cannot use judicial notice for the purpose of circumventing the record review rule by questioning the wisdom of the agency's decision through extra-Record material. *See San-Luis & Delta-Mendota Water Auth.*, 776 F.3d at 993-94; *see also All. for the Wild Rockies v. Probert*, 412 F. Supp. 3d 1188, 1198 (D. Mont. 2019) ("While published government documents are generally subject to notice . . . the contents of those documents cannot be used to second guess an agency decision." (citations omitted)).

Second, data sets like those Plaintiff claims to have used in making the extra-Record maps, Pl.'s Br. 1-2; ECF No. 41 ("Sieracki Decl.") ¶¶ 8-10, are not the type of evidence that courts judicially notice for their truth. For example, the Ninth Circuit has held that even news articles—which are generally more simplistic than the raw data at issue—can only be judicially noticed "to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citation and quotation marks omitted). Applying this precedent to the raw data at issue, which could be analyzed and manipulated to

4

allege any number of "truths," leads to the same result: that, at most, the data can be judicially noticed for its existence, not any truth that might be gleaned from it.

Third, Plaintiff does not even ask the Court to take judicial notice of just the *data* underlying the graphs—rather, Plaintiff asks the Court to take notice of the maps Paul Sieracki allegedly created using the data. Pl.'s Br. 2, 5-10; Sieracki Decl. ¶¶ 8-10. This additional degree of separation from the raw data is problematic because, as Mr. Sieracki himself describes, he made multiple meaningful choices in how to represent data in the extra-Record maps. Taking one example, Mr. Sieracki chose to display only the Project area in one map rather than the larger mapped lynx range. Sieracki Decl. ¶ 9. The many choices Plaintiff made in how to analyze and present raw data through maps transform this data from being, allegedly, not subject to reasonable dispute, to just another instrument of advocacy, which is precisely the type of material that cannot be judicially noticed. *See All. for the Wild Rockies*, 412 F. Supp. 3d at 1198 (holding that the contents of even published government documents cannot be judicially noticed "to second guess an agency decision." (citations omitted)).

Further, Plaintiff asks the Court to consider all eight of the extra-Record maps on the basis that the underlying data for the maps was represented in some other form in the Record or incorporated into the Record by reference. Pl.'s Br. 3-10. Not so. This argument rests on Plaintiff's assumption that data shared with Mr. Sieracki through a Freedom of Information Act request is the mirror image of data that is incorporated by reference into the Record. *Id*. at 1-2, 2 n.1. However, Plaintiff concedes that it never even attempted to confirm that this data matched

5

until April 4, 2025. *Id*. Even if some of the data used to create the extra-Record maps was incorporated by reference into the Record or is represented in some other form in the Record, the maps Plaintiff created from this data are still extra-Record, and cannot be considered, because they are a representation of Plaintiff's gloss and advocacy rather than merely the raw data, as described above.

Plaintiff specifically claims that Figure 5 can be considered as a summary to prove content under Federal Rule of Evidence 1006, which allows a proponent to use summaries, charts, or calculations to prove content of voluminous material "that cannot be conveniently examined in court." This argument is also unavailing, especially where, as here, Plaintiff has made no effort to explain why the Record data it used, in part, to make this map "cannot" be conveniently examined in court as it was presented in the Record. *Id*. Further, Figure 5 is not merely a summary of Record data—by Plaintiff's own admission it uses non-Federal data as well that is wholly extra-Record. Pl.'s Br. 4-5.

Contrary to Plaintiff's assertions, none of the extra-Record maps were before the Agency when it made its decision on the Project because Plaintiff created these maps post-decision through its manipulation of data. Ultimately, consideration of the extra-Record maps does prejudice Defendants because it presents data differently than said data is presented in the Record and presents it through Plaintiff's perspective, which undermines the Agency's right to compile its own Record and present data to justify its decision in the manner it chooses. *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 444-45 (9th Cir. 2024) (holding that "an agency's statement of what is in the record is subject to a

6

presumption of regularity. Thus, barring clear evidence to the contrary, [courts] presume that an agency properly designated the Administrative Record." (citations and quotation marks omitted) (cleaned up)), *cert. denied* 2025 WL 76440 (Mem) (Jan. 13, 2025).

## III.  **CONCLUSION**

For the foregoing reasons, this Court should strike Plaintiff's eight extra-record Appendix Maps (Figures 3, 5, 7, 8, 9, 10, 11, and 12), ECF No. 24-1, at A-4, A-6, A-8, A-10, A-11, A-12, A-13, A-14, and all references to these maps in Plaintiff's motion for summary judgment, ECF No. 24 at 4, 18, 27-29, and 35, and Plaintiff's combined response in opposition to Defendants' cross motion for summary judgment and reply in support of Plaintiff's motion for summary judgment, ECF No. 42 at 2, 22, 26.

Respectfully submitted on this 14th day of April, 2025.

ADAM R. F. GUSTAFSON
Acting Assistant Attorney General

*/s/ Hayley A. Carpenter*
HAYLEY A. CARPENTER
(CA Bar No. 312611)
LAWRENCE K. PITTMAN
(GA Bar No. 568134)
Trial Attorneys
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M St. NE

7